**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Manuel ESCAMILLA,
Defendant–Appellant.**

**No. 04–40707.
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided April 11, 2006.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Larry L. Warner, Law Offices of Larry Warner, Brownsville, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Jose Manuel Escamilla appeals following his conviction and sentence for possession with intent to distribute more than 100 kilograms of marijuana. He contends that the district court erred by adjusting his offense level due to his brother's possession of a weapon and due to obstruction of justice. He argues that the waiver provision in his plea agreement does not preclude an appeal from his sentence, in light of the issuance of United States v. Booker,

543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), subsequent to the entry of his plea. The Government seeks enforcement of the waiver.

"[A]n otherwise valid appeal waiver is not rendered invalid, or inapplicable to an appeal seeking to raise a Booker or Fanfan issue ... merely because the waiver was made before Booker." United States v. Burns, 433 F.3d 442, 450–51 (5th Cir. 2005). Moreover, Booker did not transform the district court's upward adjustments into upward departures that are appealable under the waiver provision. See United States v. McKinney, 406 F.3d 744, 746–47 (5th Cir.2005). Additionally, judicial creation of an exception in every waiver provision for "material and unlawful misapplication of the Sentencing Guidelines" would effectively preclude waivers of any and all guideline misapplications. We routinely have enforced such waivers. See, e.g., Burns, 433 F.3d at 443–44. Finally, appointment of appellate counsel did not constitute an implied finding that the waiver provision was inapplicable.

Escamilla has not shown that his plea waiver was involuntary or that it should not be enforced. Escamilla's arguments regarding the guideline sentencing adjustments thus are precluded by the waiver provision.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.